IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAINER VON FALKENHORST III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0242 |
| | § | |
| GEORGE D. FORD, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit against numerous state district judges, state and local government agencies and officials, and municipal and county judges for claims arising from a final state court decree terminating his parental rights.

Because plaintiff is incarcerated, the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Having reviewed plaintiff's complaint pursuant to section 1915A, the Court DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff is a state inmate currently imprisoned for aggravated assault with a deadly weapon and assault on a family member causing bodily injury. The claims in this lawsuit arise from a 2006 Harris County family law court trial and final decree terminating plaintiff's

parental rights to his son in *In re Vonfalkenhorst*, Cause No. 2005-06844J, 313th Judicial District Court of Harris County, Texas. He names as defendants Harris County Child Protective Services and its director, George D. Ford, former Judge Patrick Shelton, former Texas Attorney General Greg Abbott, Judge Jean Spaulding Hughes [*sic*], Justice of the Peace Steve L. Seider, Judge Ed Emmett, Judge David Farr, Judge Eileen Gaffney, Judge Glen Delvin [*sic*], and Judge Stephen Newhouse.

Among his numerous claims are complaints that he was incarcerated at the time of trial, was denied appointed counsel under state law, was not allowed to present his own evidence and testimony, and that other witnesses presented false testimony. He further complains that the various judges and government agencies violated his state law rights and that judicial and state agencies refused to take action in his defense. He argues that his constitutional rights to a jury trial, due process and a fair trial, counsel, and access to court were violated, and that the defendants committed federal kidnaping and conspiracy, organized crimes, "stole" his son, and executed a "constitutional death penalty sentence."

As judicial relief, plaintiff states "I want a jury trial – not a trial by judge. I want a fair and impartial trial on merits of case. I want full custody of my child/son, visitation now & case over turned cause of court error by said former judge and this case retried. I want a lawyer – then damages for court error, etc. Loss of love/cortium [*sic*]. I want my rights & my son." (Docket Entry No. 1, p. 4.)

The state court trial took place in 2006 and the termination decree was entered that same year. Plaintiff does not state that he pursued any appeals through the state courts, and offers no explanation for his eleven-year delay in filing this lawsuit.

## *Analysis*

### *Rooker-Feldman Doctrine*

It is clear that all of plaintiff's claims arise from or are related to the final decree of termination entered by the state court in 2006. The *Rooker-Feldman* doctrine is a common law doctrine that bars federal district courts from asserting subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In other words, the *Rooker-Feldman* doctrine bars federal district courts from collaterally attacking or interfering with state court judgments and proceedings. *Saudi Basic*, 544 U.S. at 284; *Price v. Porter*, 251 F. App'x, 925, 926 (5th Cir. 2009).

A state court judgment is considered attacked for purposes of *Rooker-Feldman* when the losing party in a state court action seeks what in substance would be appellate review of a state judgment. *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011). The governing issue is whether the claims are inextricably intertwined with the state court judgment and thereby barred by *Rooker-Feldman* or whether there is an independent claim

where the injury does not arise from the state court judgment. *Turner v. Cade*, 354 F. App'x 108, 110–11 (5th Cir. 2009). The Fifth Circuit has made clear "that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir. 1986).

Plaintiff here seeks redress from a final, unfavorable state court decree terminating his parental rights. Plaintiff himself states that his goal in this federal lawsuit is to obtain reversal of the state court decree and have immediate visitation rights with his son pending retrial. It would not be possible for this Court to review plaintiff's requested relief without reviewing the merits of the state court termination decree. *See Weaver*, 660 F.3d at 904.

As such, plaintiff's claims are inextricably intertwined with the state court's final decree of 2006. Because this Court's review of plaintiff's claims is barred by *Rooker-Feldman*, this lawsuit must be dismissed for want of subject matter jurisdiction. Plaintiff's recourse is through the state court system then, if necessary, by application for writ of certiorari to the United States Supreme Court. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

### *Judicial Immunity*

Even assuming plaintiff's claims were not barred by the *Rooker-Feldman* doctrine, his claims against the defendant judges would be barred by judicial immunity. Protected by judicial immunity in this lawsuit are defendants former Judge Patrick Shelton, Judge Jean Spaulding Hughes [*sic*], Justice of the Peace Steve L. Seider, Judge Ed Emmett, Judge David

4

Farr, Judge Eileen Gaffney, Judge Glen Delvin [*sic*], and Judge Stephen Newhouse (collectively the "Judicial Defendants").

Under the common law doctrine of absolute judicial immunity, an individual acting within his or her judicial capacity has absolute immunity in a suit for money damages. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). An individual acts within his or her judicial capacity when he performs functions that are "normally performed by a judge." *Id.* Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously or was in excess of his authority." *Id.*

Plaintiff's claims against the Judicial Defendants regard actions taken by them in their "judicial capacity." Plaintiff's claims against the Judicial Defendants derive from a function normally performed by a judge: the running of a case assigned to his state court or related docket. Plaintiff's claims against the Judicial Defendants arise out of actions that occurred in a courtroom or appropriate adjunct space, and that centered around a case or other judicial matter pending before them. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005); *Burns v. Mayes*, 369 F. App'x 526, 526 (5th Cir. 2010). Even assuming plaintiff's claims against the Judicial Defendants are true, unjustified, or erroneous, their acts are no less judicial. *Stump*, 435 U.S. at 356–57. Thus, plaintiff's claims for money damages against the Judicial Defendants must be dismissed for failure to state a claim based on judicial immunity.

*Supplemental Jurisdiction*

Because this Court is dismissing all federal claims raised in plaintiff's complaint, it declines to exercise supplemental jurisdiction over any pendant state law claims plaintiff may have raised. 28 U.S.C. § 1367(c)(2); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

*Conclusion*

The Court ORDERS as follows:

(1) Plaintiff's claims are DISMISSED FOR WANT OF SUBJECT MATTER JURISDICTION under the *Rooker-Feldman* doctrine.

(2) Plaintiff's claims against the Judicial Defendants for money damages are DISMISSED FOR FAILURE TO STATE A CLAIM premised on judicial immunity.

(3) Any and all pending motions are DENIED AS MOOT.

(4) This dismissal constitutes a "strike" for purposes of section 1915(g).

(5) The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to: (1) the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and (2) Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on April 11, 2017.

---
Gray H. Miller
United States District Judge